**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**OLD REPUBLIC NATIONAL TITLE**                                                             **PLAINTIFF**
**INSURANCE COMPANY**


**vs.**                                        **Case No. 4:07-CV-00460 GTE**


**TRANSCONTINENTAL TITLE COMPANY**                                            **DEFENDANT**


**ORDER DENYING TRANSFER BUT GRANTING STAY**

Before the Court is a Motion to Transfer Case and to Stay filed by Defendant Transcontinental Title Company ("Transcontinental"). Transcontinental has also filed four subsequent supplemental motions in further support of its request. Plaintiff Old Republic National Title Insurance Company ("Old Republic") opposes the requested transfer. Less clear is whether Old Republic objects to a stay of this proceeding pending resolution of an identical issue by a district court in Massachusetts. For the reasons stated below, the Court concludes that the appropriate course of action is to stay this action in its entirety until the Massachusetts court rules on the issues common to both actions.

**FACTUAL BACKGROUND**

The present action was filed on March 30, 2007, in Pulaski County Circuit Court. On April 30, 2007, Transcontinental removed the case to federal court based on diversity jurisdiction.

The Complaint asserts 17 causes of action. Count 1 is a declaratory judgment count seeking a determination of the meaning and effect of an "Excessive Claims Provision" of an

Agency Agreement that Old Republic and Transcontinental entered into in 2004.  The Agency Agreement provided that Transcontinental would act as Old Republic's agent for the purpose of issuing title policies in connection with real estate transactions.  Old Republic acknowledges that a similar count involving the meaning of the same provision "was also included in each of the cases throughout the country."[1]  Count II seeks damages for an anticipatory breach of the Agency Agreement.  The remaining 15 counts are negligence or contract-based claims relating specifically to alleged acts or omissions committed by Transcontinental in the course of real estate transactions closed in Arkansas.  Transcontinental has filed a counterclaim which also relates specifically to the Excessive Claims Provision and its enforceability.

Old Republic has filed multiple actions[2] against Transcontinental for alleged acts and omissions in connection with other real estate transactions.  The first such action was filed on September 15, 2006 in state court in Boston, Massachusetts, and subsequently removed to federal court based on diversity (hereinafter, "the Massachusetts case").[3]  Included in the Massachusetts case is a declaratory judgment count requesting the court to declare Transcontinental's liability under the "Excessive Claims Provision" of the Agency Agreement, the same contract at issue in this case.

Transcontinental argues that Old Republic has violated the "first-to-file rule" by filing duplicative lawsuits in multiple jurisdictions.  As a remedy for the alleged violation, Transcontinental requests that the Court sever Old Republic's declaratory relief count (along

---

[1] Old Republic's Response, docket no. 14, at p. 3.

[2] The record indicates that Old Republic has filed approximately 18 separate lawsuits against Transcontinental.

[3] The case is *Old Republic National Title Insurance Co. v. Transcontinental Title Co.*, Case No. 06-11903-NMG and is pending in the U.S. District Court, District of Massachusetts.

with Transcontinental's related counterclaim), transfer the severed counts to Massachusetts, and stay the remaining claims. Old Republic opposes the requested transfer.

## DISCUSSION

It is undisputed that the same issues pertaining to the "Excessive Claims Provision" of the Agency Agreement and the legal effect, if any, of Transcontinental's alleged termination of such agreement are currently pending in many of the various cases filed by Old Republic against Transcontinental. It makes no sense for different judges in different jurisdictions to attempt simultaneously to resolve an identical issue between the same two parties. The Court concludes that the appropriate remedy under the circumstances is simply to stay this action until the common issues are resolved in the Massachusetts case. In reaching this conclusion, the Court notes that by proceeding in this fashion, the Court avoids the administrative burdens associated with transferring a portion of this case, in this Court's view, unnecessarily. Why should the district court in Massachusetts be saddled with a portion of a case from Arkansas (assuming that this Court even has the power to sever and transfer a claim while retaining jurisdiction of other claims) and the Clerk's office there burdened with processing a new case, when this Court can simply stay this case until the common issues are resolved. At that point, the parties can then move to lift the stay in this case and argue (or perhaps even agree upon) the effect of the relevant ruling(s) in the Massachusetts case.

## CONCLUSION

For the reasons above stated,

IT IS HEREBY ORDERED THAT Transcontinental's Motion and Supplemental Motions to Transfer and to Stay (docket nos. 10, 16, 18, 19, and 20) be, and they are hereby, DENIED IN PART AND GRANTED IN PART. The Court declines to transfer any portion of

the case. The Court directs that this action be, and it is hereby, STAYED until the common issues related to Transcontinental's liability under the "Excessive Claims Provision" of the Agency Agreement are resolved in the Massachusetts case. The parties shall move, either jointly or separately, to lift the stay not later than twenty (20) days after the resolution of said common issues.

    IT IS SO ORDERED this   24th   day of October, 2007.


                                      _/s/Garnett Thomas Eisele_____
                                      UNITED STATES DISTRICT COURT